# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

VICTORIA JOHLE and
MIKAELA JOHLE,

     Plaintiffs,

vs.                                    No. CIV 13-0137 JB/KBM

UNITED STATES OF AMERICA,

     Defendant.

## MEMORANDUM OPINION[1]

    **THIS MATTER** comes before the Court on (i) the Plaintiffs' Motion to Strike Defendant's First Affirmative Defense and for Partial Summary Judgment, filed December 13, 2013 (Doc. 44)("Plaintiffs' MSJ"); (ii) the Plaintiffs' Amended Motion to Strike Defendant's First Affirmative Defense and for Partial Summary Judgment, filed December 16, 2013 (Doc. 45)("Plaintiffs' Amended MSJ"); and (iii) the United States' Motion to Dismiss,[2] filed December 30, 2013 (Doc. 46)("Defendant's MTD"). The Court held a hearing on March 19, 2014. The primary issues are: (i) whether a substantial question remains whether the Secretary of the United

---

[1]On September 16, 2014, the Court issued an Order (Doc. 66)("Order"), in which it granted Defendant United States' Motion to Dismiss, filed December 30, 2013 (Doc. 46)("Defendant's MTD"), and denied both Plaintiff's Motion for Summary Judgment, filed December 13, 2013 (Doc. 44)("Plaintiffs' MSJ"), and Amended Motion for Summary Judgment, (Doc. 45)("Plaintiffs' Amended MSJ"). Order at 1. In the Order, the Court stated it would "at a later date issue a Memorandum Opinion more fully detailing its rationale for these decisions." Order at 1 n.1. This Memorandum Opinion is the promised opinion.

[2]In the hearing, Defendant United States of America agreed that the court should consider its MTD as a Motion for Summary Judgment. See Transcript of Hearing at 22:22-25 (March 19, 2014)("Tr.")(Ortega, Court)(the Court's citations to the transcript of the hearing refer to the Court Reporter's original, unedited version; any finalized transcript may contain slightly different page and/or line numbers).

States Department of Labor would find the Federal Employees' Compensation Act, 5 U.S.C. §

8101-93 ("FECA"), applicable after the Labor Department denied Victoria Johle and Mikaela

Johle's FECA claim on account of insufficient evidence; and (ii) whether FECA's exclusivity

provision precludes the Johles from bringing a claim under the Federal Tort Claims Act, 28

U.S.C. §§ 2671-80 ("FTCA").   The Court concludes that no substantial question remains

whether FECA applies to the Johles and that FECA's exclusivity provision prohibits the Johles

from bringing a FTCA claim.   The Court, therefore, will deny the Johles' MSJ and Amended

MSJ, and will grant the Defendant's MTD.

## FACTUAL BACKGROUND

"At times relevant to this lawsuit, Ms. Johle was a federal employee who worked as a

Medical Laboratory Technician at Crownpoint Indian Health Services Clinic."   Plaintiff's

Amended MSJ ¶ 1, at 2 (stating this fact).   See Response in Opposition to Plaintiff's Motion for

Partial Summary Judgment and Motion to Strike at 2, filed February 3, 2014 (Doc. 54)(not

disputing this fact)("Response").   "Johle admits that she was injured in the course of her federal

employment."   Response ¶ 1, at 3 (stating this fact).[3]   "On 8/17/2010, Ms. Johle submitted a

---

[3]The Johles do not dispute that V. Johle made such an admission.   See Reply ¶ 1, at 3
("Defendant says that Ms. Johle admitted to having a work-related injury.   That is true . . . .")
The Johles dispute, however, whether the injury occurred at work, arguing that the

> OWCP did not accept her claim because other facts in the record disputed
> whether her injury was work-related.   Judicial estoppel is designed to stop the
> Defendant from taking inconsistent positions in two different proceedings related
> to the same issue, as is occurring here: Ms. Johle's statements regarding work-
> related injuries were not sufficient before the OWCP, but the United States now
> adopts the same statements unreservedly in this court.

Reply ¶ 1, at 3.   The Johles do not dispute that V. Johle made the admission.   The Court,
therefore, concludes that no genuine issue of material fact exists with respect to this fact for trial
under rule 56(c)(1) of the Federal Rules of Civil Procedure.

timely claim for benefits under the Federal Employees Compensation Act (FECA) to the United

States Department of Labor ("Labor Department") for injuries to her ankle."   Plaintiff's

Amended MSJ ¶ 2, at 2 (stating this fact).   See Response at 2 (not disputing this fact).   "On

3/30/11 the Labor Department requested additional information to cure alleged deficiencies in

the claim," and "[s]oon after, Ms. Johle submitted additional clinical notes and a medical report."

Plaintiff's Amended MSJ ¶ 3, at 2 (stating this fact).  See Response at 2 (not disputing this fact).[4]

"Johle did not provide all of the requested items to OWCP."   Response ¶ 5, at 3 (stating this

fact).[5]   "On 5/9/11, the Department denied Ms. Johle's FECA claim, citing unexplained

---

[4]The United States separately repeats this same fact wording, split across two paragraphs, in the Response.  See Response ¶¶ 3-4, at 3 (stating this fact).  Under local rule 56.1(b), the Reply

> must contain a concise statement of those facts set forth in the Response which the movant disputes or to which the movant asserts an objection.  Each fact must be lettered, must refer with particularity to those portions of the record upon which the movant relies, and must state the letter of the non-movant's fact.  All material facts set forth in the Response will be deemed undisputed unless specifically controverted.

D.N.M. Local R. Civ. P. 56.1(b).  Because the Johles do not respond in their Reply to the United States' asserted fact, the Court deems the asserted fact undisputed.

[5]Even though the Johles indicate in the Reply that their reply to the United States' undisputed facts is "numbered to correspond to Defendant's facts," the Johles fail to apply this convention consistently.  See Reply ¶¶ 1-5, at 3-6.  By incorrectly numbering their objections, the Johles technically violate local rule 56.1(b), which requires that each fact "must be lettered, must refer with particularity to those portions of the record upon which the movant relies, and must state the letter of the non-movant's fact."  D.N.M. Local R. Civ. P. 56.1(b).  If these requirements are not met, then the Court may deem the fact undisputed, because it has not been specifically controverted.  See D.N.M. Local R. Civ. P. 56.1(b).  The Court, however, will not penalize the Johles on a technicality.  Wherever in the Reply it is clear that the Johles incorrectly numbered an objection, the Court will relate that objection to the correct fact as the Response states that fact and will give full consideration to the objection.

The Johles purport to dispute this fact.  See Reply ¶ 3, at 6. They clarify that V. Johle "attempted to provide all of the requested material information to OWCP, except for the explanation of the inconsistencies in the medical records, which she did not, and could not know, since she had no personal knowledge about why her doctors wrote inconsistent and erroneous histories."  Reply ¶ 3, at 6.  Because the Johles do not dispute the fact as stated -- that "Johle did

inconsistencies in the nature and cause of the injury in Ms. Johle's medical records."  Plaintiff's

Amended MSJ ¶ 4, at 2 (stating this fact).  See Response at 2 (not disputing this fact).  "In

denying the claim, the Department relied on a medical document dated 7/15/11[6] and concluded

it 'does not mention any injury related to your employment.'"  Plaintiff's Amended MSJ ¶ 4, at 2

(stating this fact).  See Response at 2 (not disputing this fact).  "Johle was represented by counsel

before the OWCP."  Response ¶ 2, at 3 (stating this fact).[7]  "OWCP denied Johle's FECA claim

due to [insufficient] evidence of a workplace injury."  Response ¶ 6, at 3 (stating this fact).[8]

_____

not provide all of the requested items to OWCP," the Court concludes that the clarification does not raise any genuine issue of material fact for trial under rule 56(c)(1) of the Federal Rules of Civil Procedure.

[6]The Johles indicate in the MSJ that this date was 7/26/11.  See Plaintiff's Amended MSJ ¶ 4, at 2.  The United States does not dispute the date in the Response, but the Johles amend it in the Reply.  See Reply in Support of Plaintiff's Motion to Strike Defendant's First Affirmative Defense and for Partial Summary Judgment 1, filed March 7, 2014 (Doc. 61)("Reply).  The new date is correct.  See United States Department of Labor, Office of Workers' Comp Programs, Notice of Decision 2 (August 24, 2011), filed December 18, 2013 (Doc. 45-2).  The Labor Department's reliance on the medical document -- and not its specific date -- is the material fact for the purposes of the motions adjudicated in this Memorandum Opinion.  Because that reliance is not disputed, the Court concludes that no genuine issue of fact for trial exists under rule 56(c)(1) of the Federal Rules of Civil Procedure.

[7]The Johles do not dispute the fact that V. Johle was represented by counsel before the OWCP, but they clarify that counsel did not represent V. Johle before the OWCP until May 21, 2012, "well after the OWCP denied her claim."  Reply ¶ 2, at 6.  Because (i) the fact as stated asserts only that counsel represented V. Johle and does not assert that this representation occurred at any specific time or lasted for any specific duration; and (ii) the Johles do not dispute that counsel at some time represented V. Johle before the OWCP, the Court concludes that the Johles' clarification does not raise any genuine issue of material fact for trial under rule 56(c)(1) of the Federal Rules of Civil Procedure.

[8]The fact, as the Response states is, reads as follows: ""OWCP denied Johle's FECA claim due to lack of evidence of a workplace injury."  Response ¶6, at 3.  The Johles purport to dispute this fact.  See Reply ¶ 4, at 6.  According to the Johles, "OWCP decided that Victoria's evidence was insufficient to establish a FECA claim, *in light of the other conflicting evidence . . . .*"  Reply ¶ 4, at 6 (emphasis in the original).  Merriam-Webster's Dictionary defines "lack," as a noun,  as either "the fact or state of being wanting or deficient" or "something that is lacking or

> The Department also relied upon a note from another of Ms. Johle's treating providers that indicated that Ms. Johle's injury was "more consistent with the 7/22/10 slip and fall injury than with the original injury which you stated was caused by simply pushing off the floor to spin around while you were seated on a stool [at work.]"

Plaintiff's Amended MSJ ¶ 4, at 2-3 (stating this fact)(quoting Notice of Decision at 6 (dated December 2, 2011), filed December 16, 2013 (Doc. 45-2)(bracketed material in the Plaintiff's Amended MSJ). See Response at 2 (not disputing this fact).

> The Department weighed the evidence and denied Ms. Johle's claim "on the factual component of the third basic element, Fact of Injury, because the evidence does not support that the injury and/or event(s) occurred. The requirements have not been met for establishing that you sustained an injury as defined by the FECA."

Plaintiff's Amended MSJ ¶ 5, at 3 (stating this fact)(quoting Notice of Decision at 6 (dated December 2, 2011), filed December 16, 2013 (Doc. 45-2) .[9]  "On 11/21/11, the Department received a request for reconsideration of the denial of Ms. Johle's claim."  Plaintiff's Amended

---

is needed." Merriam-Webster's Dictionary, Lack, https://www.merriam-webster.com/dictionary /lack (last visited December 3, 2016). The Oxford English Dictionary defines "lack," as a noun, as "[d]eficiency, want, need (*of* something desirable or necessary . . . ." Oxford English Dictionary, Lack, http://www.oed.com/view/Entry/104856?rskey=USZ7W6&result=1 &isAdvanced=false#eid (last visited December 3, 2016). In neither definition does "lack" mean a "complete lack." The Court concludes, therefore, (i) that "lack of evidence" and "insufficient evidence" are synonymous; and (ii) no genuine issue of material fact arises on this issue. To reflect precisely what is undisputed, however, the Court will use only the narrower sense of "lack" -- i.e. meaning "insufficient" -- to which both the Johles and the United States agree.

[9]The United States purports to dispute this fact. See Response at 2-3. According to the United States, this fact "is an incorrect characterization of the decision." Response at 2. The United States says that the "decision makes clear that OWCP [the Office of Workers Compensation Programs] did not find that Johle did not suffer a workplace injury, but rather that Johle failed to present *sufficient evidence* to support the finding that she suffered a workplace injury." Response at 2-3 (emphasis in the original). The United States, in other words, does not dispute the accuracy of the quoted language, but rather only the proper interpretation of that language. The Court concludes that the United States' clarification does not raise a genuine issue of material fact for trial under rule 56(c)(1) of the Federal Rules of Civil Procedure.

MSJ ¶ 6, at 3 (stating this fact).[10]  See Response at 2 (not disputing this fact).  "On 12/2/11, the Office of Workers Compensation Programs rejected Ms. Johle's request for reconsideration, stating '[t]here remains insufficient evidence to support the Fact of Injury-Factual aspect of your case.'"  Plaintiff's Amended MSJ ¶ 7, at 3 (quoting Notice of Decision at 26 (dated December 2, 2011), filed December 16, 2013 (Doc. 45-3))(stating this fact).  See Response at 2 (not disputing this fact).  "Ms. Johle filed an appeal with the Employees' Compensation Appeals Board, which was denied by the board as untimely."  Plaintiff's Amended MSJ ¶ 8, at 3 (stating this fact).  See Response at 2 (not disputing this fact).  "On June 11, 2012, Plaintiff's prior attorneys filed an appeal from the December 2, 2011 decision of the OWCP, which was dismissed on October 4, 2012 because it was filed untimely [sic]."  Response ¶ 9, at 4 (stating this fact).[11]  "On 8/17/12 the Claims and Employment Law Branch of the Department of Health and Human Services denied the Plaintiffs' administrative tort claims under FECA."  Plaintiff's Amended MSJ ¶ 11, at

---

[10]The United States separately repeats this same fact wording in the Response.  See Response ¶¶ 7, at 3 (stating this fact).  Under local rule 56.1(b), the Reply

> must contain a concise statement of those facts set forth in the Response which the movant disputes or to which the movant asserts an objection.  Each fact must be lettered, must refer with particularity to those portions of the record upon which the movant relies, and must state the letter of the non-movant's fact.  All material facts set forth in the Response will be deemed undisputed unless specifically controverted.

D.N.M. Local R. Civ. P. 56.1(b).  Because the Johles do not respond in their Reply to the United States' asserted fact, the Court deems the asserted fact undisputed.

[11]Under local rule 56.1(b), the Reply

> must contain a concise statement of those facts set forth in the Response which the movant disputes or to which the movant asserts an objection.  Each fact must be lettered, must refer with particularity to those portions of the record upon which the movant relies, and must state the letter of the non-movant's fact.  All material facts set forth in the Response will be deemed undisputed unless specifically controverted.

D.N.M. Local R. Civ. P. 56.1(b).  Because the Johles do not respond in their Reply to the United States' asserted fact, the Court deems the asserted fact undisputed.

3 (stating this fact).  See Response at 2 (not disputing this fact).  "On 10/4/12, the Employees' Compensation Appeals Board issued its Order Dismissing Appeal."  Plaintiff's Amended MSJ ¶ 9, at 3 (stating this fact).  See Response at 2 (not disputing this fact).  "The Order Dismissing Appeal stated that the Boards' [sic] decisions are 'final upon the expiration of 30 days from the date of their issuance.'"  Plaintiff's Amended MSJ ¶ 10, at 3 (stating this fact).[12]  See Response at 2 (not disputing this fact).

"On 2/8/13, Ms. Johle filed this lawsuit, alleging claims under the Federal Tort Claims Act ('FTCA')."  Plaintiff's Amended MSJ ¶ 12, at 3 (stating this fact).  See Response at 2 (not disputing this fact).  "In its First Amended Answer, the United States denied that Ms. Johle's claims arise under the FTCA."  Plaintiff's Amended MSJ ¶ 13, at 4 (stating this fact).  See Response at 2 (not disputing this fact).  "Though the Department already reviewed and denied Ms. Johle's FECA claim, the United States now claims that this Court lacks jurisdiction under 5 U.S.C. § 8116(c), which establishes that FECA is the exclusive remedy for work-related injuries."  Plaintiff's Amended MSJ ¶ 14, at 4 (stating this fact).  See Response at 2 (not disputing this fact).  "The liability of the United States under the Federal Tort Claims Act is determined by the law of the state where the act or omission occurred."  Plaintiff's Amended MSJ ¶ 15, at 4 (stating this fact).  See Response at 2 (not disputing this fact).

> Victoria Johle's education is a high school diploma from Shiprock High School and an Associates Degree and American Medical Technologist certificate from Apollo College in Phoenix, Arizona [and] [s]he has no education in employment law, health law, workers' compensation law or tort law, and no medical education other than the education required to be a lab technician.

---

[12]The grammatical error to which the annotation [sic] refers arises in the Plaintiff's Amended MSJ.  The apostrophe is in the correct position in the Order Dismissing Appeal, which the Plaintiff's Amended MSJ misquotes.  See Order Dismissing Appeal (dated October 4, 2012), filed December 16, 2013 (Doc. 45-4).

Plaintiff's Amended MSJ ¶ 16, at 4 (stating this fact).  See Response at 2 (not disputing this fact).  "Plaintiff communicated and corresponded with employees of Crownpoint Healthcare Facility and other Indian Health Services employees to provide and to request information and assistance regarding her FECA claim."  Plaintiff's Amended MSJ ¶ 17, at 4 (stating this fact).  See Response at 2 (not disputing this fact).

## PROCEDURAL BACKGROUND

The Johles move the Court for summary judgment on the United States' First Affirmative Defense of lack of jurisdiction under 5 U.S.C. § 8116(c).  They assert that, because the Labor Department already reviewed and denied V. Johle's FECA claim on the ground that it was not established that her injury was work-related, FECA exclusivity for work-related injuries does not bar an FTCA claim.  The United States also moves for summary judgment -- although it initially filed a Motion to Dismiss rather than a Motion for Summary Judgment.  See Tr. at 22:22-25 (Ortega, Court).  The Court will briefly outline this case's progress and summarize the parties' arguments on the current motions.

### 1.     The Pleadings.

The Johles filed their Complaint on February 8, 2013, against the United States for negligence resulting in the loss of V. Johle's foot.  See Complaint ¶¶ 15-16, at 5, filed February 8, 2013 (Doc. 1).  The Johles contend they are entitled to bring suit under the FTCA, 28 U.S.C. §§ 1346(b), 2671.  See Complaint ¶ 1, at 1.   The Johles argue that, because V. Johle has been substantively denied compensation under FECA, the Court lacks jurisdiction to review the Labor Department's decision.  See Plaintiffs' Amended MSJ at 6.  The Johles contend that, because FECA is not an available remedy, they are now eligible to bring suit under the FTCA.  See Plaintiffs' Amended MSJ at 6.  The United States asserts a number of affirmative defenses; at

issue is the United States' first affirmative defense, stating that the Court lacks jurisdiction over the Johles' claims pursuant to 5 U.S.C. § 8116(c) ("exclusivity provision").  Plaintiffs' Amended MSJ at 6.

      **2.**      **The Johles Motion To Strike the United States' First Affirmative Defense and for Partial Summary Judgment, and Amended Motion To Strike <u>Defendant's First Affirmative Defense and for Partial Summary Judgment</u>.**

      The Johles filed their first MSJ on December 13, 2013.  <u>See</u> Plaintiffs' MSJ at 1.  The Johles' Amended MSJ was filed December 16, 2013.  Plaintiffs' Amended MSJ at 1.  The Johles added information with the exhibits -- they did not change the briefings.  <u>See</u> Tr. 14:10-20 (Court, Shapiro).  The Johles move the Court, pursuant to rule 56 of the Federal Rules of Civil Procedure to: (i) strike the United States' first affirmative defense of lack of jurisdiction pursuant to 5 U.S.C. § 8116(c); and (ii) enter partial summary judgment on the United States first Affirmative Defense.  Plaintiffs' Amended MSJ at 1.  For the sake of efficiency, the Court will consider both these requests as a single motion for summary judgment.  <u>See</u> Tr. at 15:8-14 (Shapiro, Court).  The Johles assert as grounds for this motion that, because V. Johle's FECA claim has been "reviewed and denied," and failed to establish that her injury was work related, FECA's exclusivity provision does not apply to the claim, and that she may bring a FTCA action.  <u>See</u> Plaintiffs' Amended MSJ at 1.

      The Johles make two primary arguments to support this motion.  <u>See</u> Plaintiffs' Amended MSJ at 1.  First, they contend that the Labor Department has already denied V. Johle's FECA claim, thus leaving no "substantial question" whether FECA applies.  Plaintiffs' Amended MSJ at 6.  The Johles state that when a FECA claim has already been denied, the denial ends the Labor Department's jurisdiction, and allows the court to hear the case.  <u>See</u> Plaintiffs' Amended MSJ at 6.  The Johles rely on <u>Tippets v. United States</u>, 308 F.3d 1091, 1096 (10th Cir. 2002), and

Noble v. United States, 216 F.3d 1229, 1235 (11th Cir. 2000), which they argue stand for the principle that, "when the [Labor] Department has already denied the claim, then this Court has jurisdiction to hear the tort claim." Plaintiffs' Amended MSJ at 6. The Johles contend that V. Johle has already had a hearing on the merits of her FECA claim, which was denied, and that this denial erases any "substantial question" whether FECA applies. Plaintiffs' Amended MSJ at 6. During the hearing, the Labor Department "focused on inconsistencies in the medical records," finding her injury to not be work related, because there is no remedy under FECA. Plaintiffs' Amended MSJ at 6. On this first issue, the Johles stress that the Court "may not reconsider whether FECA compensation should have been awarded, because the Labor Department's decision to grant or deny FECA coverage is unreviewable as a matter of law." Plaintiffs' Amended MSJ at 6. The Johles cite 5 U.S.C. § 8128(b) as support for this argument. § 8128(b) states:

> The action of the Secretary or his designee in allowing or denying a payment under this subchapter is (1) final and conclusive for all purposes and with respect to all questions of law and fact; and (2) not subject to review by another official of the United States or by a court by mandamus or otherwise.

Plaintiffs' Amended MSJ at 6.

Second, the Johles argue that the United States should be judicially estopped from now arguing that FECA applies to a claim that it repeatedly denied. See Plaintiffs' Amended MSJ at 7. The Johles contend that the United States takes a "clearly inconsistent" positon by invoking 5 U.S.C.§ 8116(c)'s exclusivity provision and proposing that FECA applies to V. Johle after she has been denied. See Plaintiffs' Amended MSJ at 8. The Johles claim that the United States reverses its previous position and now argues that V. Johle has a work-related injury. See Plaintiffs' Amended MSJ at 8. The Johles argue that the denial of FECA claim effectively closed the door to the application of FECA to these proceedings. Relying on Guzman v. Laguna Dev.

Corp., 2009-NMCA-116, ¶ 11, 219 P.3d 12 ("Guzman"), the Johles ask the Court to "estop the United States from taking inconsistent positions regarding the nature of the injury, particularly now that Ms. Johle is unable to re-open her FECA claim." Plaintiffs' Amended MSJ at 8. The Johles contend that Guzman, defines the purpose of judicial estoppel as a means of preventing litigants from "play[ing] fast and loose with a court by changing legal positions in the midst of a suit." Plaintiffs' Amended MSJ at 8. The Johles try to analogize this case to Guzman by stating that

> [T]he Guzmans were prejudiced by the inconsistent positions taken by the defendant government in first successfully arguing that the workers' compensation claim should be denied because it was not work-related, and then defending the tort claim case by arguing that the plaintiff was barred by the exclusive remedy provisions of the workers' compensation statute . . . .

> Here . . . the United States is defending the tort claim by alleging that Ms. Johle's injuries are work related and are thus subject to the exclusivity provision in 5 U.S.C. § 8116. This position is "clearly inconsistent" with the Department's repeated denial of the FECA claim because the injury was not an "injury as defined by FECA."

Plaintiffs' Amended MSJ at 8.

### 3.    United States' Response in Opposition to the Johles' Motion for Partial Summary Judgment and Motion to Strike.

The United States filed its Response to the Plaintiff's Amended MSJ on February 3, 2014. The United States asserts that "all of V. Johle's alleged injuries stem from the initial workplace injury [and] her exclusive remedy against the United States is pursuant to FECA." Defendant's Response at 2. The United States puts forth two primary arguments. First, the United States argues FECA's exclusivity provision precludes V. Johle from bringing any claim outside of the FECA framework. See Defendant's Response at 5. Second, the United States asserts that the Court does not have the jurisdiction to hear this matter, because a substantial question remains as to FECA's applicability to the Johles claim. See Defendant's Response at 5.

Additionally, the United States responds to the Johles' request for judicial estoppel by stating that FECA's "exclusivity is a matter of sovereign immunity which is not subject to equitable waiver" and that V. Johle is not entitled to equitable waiver.  Defendant's Response at 9.

The United States contends that the exclusivity provision mandates that FECA is the sole remedy for federal employees injured on the job.  See Defendant's Response at 5.  As support for its contention, the United States relies on United States v. Lorenzetti, 467 U.S. 167 (1984), which holds that "FECA provides the exclusive remedy even if a particular type of damage is not compensable under FECA."  Defendant's Response at 6 (citing United States v. Lorenzetti, 467 U.S. at 169).  Furthermore, the United States presents support for its argument that, "where subsequent negligence by a federal employee treating the initial workplace injury results in additional or more severe injuries, FECA serves as a bar to a FTCA claim to recover damages for those injuries."  Defendant's Response at 5 (citing Tippets v. United States., 308 F.3d 1091, 1094 (10th Cir. 2002); Nobel v. United States., 216 F.3d 1229, 1235 (11th Cir. 2000)).  See, e.g., Lance v. United States, 70 F.3d 1093, 1095 (9th Cir. 1995).  Finally, the United States argues "that if FECA applies, the FTCA claim must be dismissed even if benefits are not actually awarded by the Secretary of the Department of Labor."  Defendant's Response at 5 (quoting Tippets v. United States, 308 F.3d at 1094).

Again, relying on Tippets v. United States, 308 F.3d at 1094, the United States asserts that "a substantial question regarding FECA coverage exists unless it is certain that the Secretary of the Department of Labor would not find FECA coverage."  Defendant's Response at 7.  The United States contends, if a substantial question exists, then a court does not have jurisdiction to hear a FECA claim.  See Defendant's Response at 7.  The United States contends that the Labor Department and the OWCP appeals board rejected V. Johle's claim not because she had a

meritless claim, but rather because "the evidence submitted . . . was not sufficient to establish that she sustained an  injury that would fall under FECA."  Defendant's Response at 7.  The United States argues that the distinction is that FECA could have possibly covered V. Johle's claim, if the paperwork V. Johle was asked to submit had been clear and free of inconsistencies.  See Defendant's Response at 7.  The United States argues that a substantial question remains, because it was possible that FECA could have applied to V. Johle if she had properly submitted her claim.  See Defendant's Response at 7.  The United States contends that because the possibility exists that V. Johle could have been eligible, but for inadequate paperwork, V. Johle is not eligible to bring a FTCA claim.  Defendant's Response at 7.  As evidence that a substantial question remains, the United States presents a letter from the Labor Department requesting more information, filed February 3, 2014 (Doc. 54-1, 54-2)(attached to the United States' Response as Exhibit A-1 and A-2), which is the OWCP's request for more information regarding the incident without issuing a denial. The United States also presents the Notice of Decision, filed February 3, 2014 (Doc. 54-3)(attached to the United States' Response as Exhibit B-1), which is the subsequent denial without ruling that a work place injury had occurred.  See Defendant's Response at 7.  The United States concludes that, had the OWCP denied the claim based on the fact that it was definitively not a work place injury, then a FTCA action would have been opened for V. Johle.  See Defendant's Response at 7-8.

The United States then addressed the issue of judicial estoppel and equitable waiver of sovereign immunity.  See Defendant's Response at 9.  The United States argues that V. Johle could have avoided her predicament by providing consistent, timely responses to the OWCP's inquiries.  See Defendant's Response at 9.  The United States contends that, had V. Johle provided this information a timely manner, OWCP would have had the capacity to make a

finding on the merits.  See Defendant's Response at 9.  The United States argues that, because V. Johle did not produce the information in a timely manner, no affirmative finding was ever made.  See Defendant's Response at 9.  Furthermore, the United States offers that the information requested from V. Johle was not overly complex, and that V. Johle easily could have understood the request and complied with it.  See Defendant's Response at 9-10.

The United States finally turns to the Johles' argument relying on Guzman.  See Defendant's Response at 10.  The United States distinguishes the facts of Guzman, stating that in Guzman there "were no inconsistencies in the record presented by the plaintiffs" and the Workers' Compensation "mediator made an affirmative decision that the Worker's Compensation Act did not apply because it was clear that plaintiff had already left the place of his employment."  Defendant's Response at 10.  In V. Johle's claim, in contrast, the facts indicate the OWCP has made no affirmative determination of FECA applicability, but has denied her claim because of her failure to comply with instructions.  See Defendant's Response at 10.  Additionally, the United States asserts that it has not argued contrary positions, as the defendants did in Guzman, but has instead articulated a nuance in the OWCP's decision.  See Defendant's Response at 10.

### 4.     The Johles' Reply to the United States' Response to Amended Motion for Partial Summary Judgment and to Strike the United States' First Affirmative Defense.

The Johles filed their Reply to Defendant's Response on March 7, 2014.  Before contesting the United States' undisputed facts, the Johles reiterate two points.  First, the Johles contend that the United States is taking contrary positions by arguing initially that FECA does not apply, denying V. Johle compensation, then arguing that  FECA does apply, denying a FTCA claim, and that judicial estoppel is appropriate because of this inconsistency.  See Plaintiffs'

Reply at 1-2.  The Johles argue that OWCP, a division of the Labor Department that administers disability programs, has denied FECA claim, but that the United States' Attorney's Office subsequently stated that V. Johle's claim was never denied.  See Plaintiffs' Reply at 2.  In what seems to be grounds for a judicial estoppel claim, the Johles explain that V. Johle "did all she could practically do to present evidence to OWCP that she had a work-related injury."  Plaintiffs' Reply at 2.  The Johles suggest that it was not V. Johle's fault that the doctors examining her foot wrote down conflicting statements, and that she did not have the knowledge or capacity to understand the gravity of their error.  See Plaintiffs' Reply, at 2.  Second, the Johles contend that OWCP had to "necessarily dismiss" V. Johle's claim for lack of jurisdiction and that the dismissal means this Court is able to hear her FTCA claim.  See Plaintiffs' Reply at 2.

The Johles then argue that V. Johle's injury may never have been work related.  See Plaintiffs' Reply at 3.  In support of this argument the Johles present evidence from V. Johle's medical record that was the original impetus for OWCP to deny V. Johle's claim.  See Plaintiffs' Reply at 3-5; Notice of Decision at 2.  The Johles contend that the possibility exists that V. Johle's injury did not happen at work, or is not related to her work.  See Plaintiffs' Reply at 5. Furthermore, the Johles argue that because insufficient evidence exists to find that injury occurred at work, it is more likely an out-of-work injury.  See Plaintiffs' Reply at 3.

Next, the Johles clarify that V. Johle did provide additional evidence when asked, just not the right type or the quality to "explain the inconsistencies."  Plaintiffs' Reply at 5.

> Defendant says that OWCP denied Ms. Johle's claim due to lack of evidence of a workplace injury.  This is incorrect.  OWCP decided that Victoria's evidence was insufficient to establish a FECA claim, *in light of the other conflicting evidence*: "Specifically your case is denied because the evidence is not sufficient to establish that the event(s) occurred as you described.  The reason for this finding is that there are inconsistencies in your claim you did not explain."

Plaintiffs' Reply at 5 (emphasis in original).

In the argument section, the Johles stress that a substantial question does not exist, because the claim has been heard and dismissed.  <u>See</u> Plaintiffs' Reply at 5.  The Johles contend this situation meets the criteria that <u>Tippetts v. United States</u>, 308 F.3d at 1094, established and on which United States relies.  <u>See</u> Plaintiffs' Reply at 7.  The Johles state that, because OWCP decided that FECA does not apply to V. Johle, the Labor Department does not have jurisdiction any longer over her claim.  <u>See</u> Plaintiffs' Reply at 7.  As support for their argument, the Johles cite <u>Farley v. United States.</u>, 162 F.3d 613, 616 (10th Cir. 1998), which holds that the "FECA's applicability turns on whether the injury was suffered in the performance of the employee's duty."  The Johles reason that, if the OWCP found insufficient evidence that the injury occurred as reported then FECA would be inapplicable, which is consistent with <u>Farley v. United States</u>. <u>See</u> Plaintiffs' Reply, at 7.

**5.    <u>United States' Motion to Dismiss.</u>**

The United States filed its MTD pursuant to rule 12(b)(1) on December 30, 2013.  <u>See</u> Defendant's MTD at 1.  The United States' MTD moves the Court to dismiss the lawsuit predicated on a FTCA violation.  <u>See</u> Defendant's MTD at 1.  The United States argues that V. Johle's exclusive remedy is through FECA.  <u>See</u> Defendant's MTD at 1.  Consequently, the United States asserts that the Court lacks jurisdiction to hear the Johles' suit.  <u>See</u> Defendant's MTD at 1.  The United States extends this argument to apply to the suit that M. Johle brought, because her claim is derivative of her mother's.  <u>See</u> Defendant's MTD at 1.

The United States' arguments primarily rely on FECA's exclusivity provision.  <u>See</u> Defendant's MTD at 2.  It cites authority to support its argument, specifically <u>Tippets v. United States</u>, 308 F.3d at 1094, holding that FECA serves as the sole worker's compensation plan for federal employees.  <u>See</u> Defendant's MTD at 4.  The United States argues that FECA applies to

federal workers unless the Secretary of Labor finds that it does not; if FECA does not apply, then a FTCA claim may be brought.  See Defendant's MTD at 4.  According to the United States, Congress determined the statute is designed to protect the federal government from suit, like those under the FTCA.  See Defendant's MTD at 4 (citing Lockheed Aircraft Corp. v. United States, 460 U.S. 190, 193-94 (1983)).

The United States argues that V. Johle may not pursue a FTCA claim, because "of her failure to provide adequate information to the OWCP."  Defendant's MTD at 6.  The United States contends that, because V. Johle admittedly sustained her injury at work, within the scope of her employment, FECA is the only remedy available to her.  See Defendant's MTD at 6. Additionally, the United States cites Nobel v. United States, 216 F.3d at 1235; Lance v. United States, 70 F.3d at 1095; and McCall v. United States, 901 F.2d 548, 550-51 (6th Cir. 1990), for the proposition that FECA serves as a bar to a FTCA claim to recover damages for injuries sustained if the "subsequent negligence by federal employees treating the initial workplace injury results in additional or more severe injuries."  Defendant's MTD at 6.  The United States contends that, specifically, "medical malpractice . . . is not considered to break the causal connection back [to] the original harm."  Defendant's MTD at 6 (citing Wideman v. Chao, No. 07-cv-00171, 2007 WL 3232216, at *2 (D. Colo. Oct. 30, 2007)(Miller, J.)).

The United States presents a public policy consideration suggesting that to allow claimants who fail to provide adequate information to substantiate a FECA claim to then bring a FTCA claim would be in clear contradiction of Congressional intent.  See Defendant's MTD at 6.  With this argument, the United States also addresses the Johles' judicial estoppel concerns, and contend that V. Johle had sufficient time and resources to submit a valid claim if it was legitimate, and to allow her to proceed on an alternate legal theory would be inappropriate.  See

- 17 -

Defendant's MTD at 7.  Finally, the United States asserts that, if the Court will not dismiss the Johles claim, the Court should stay the matter pending a remand to the Labor Department for reconsideration.  See Defendant's MTD at 7.

**6.      The Johles' Response to the United States Motion To Dismiss.**

The Johles filed their Response to Defendant's Motion to Dismiss on February 10, 2014 (Doc. 56)("Plaintiffs' Response").  The Johles begin by disputing the United States' statement that V. Johle was at work, in the scope of her duties, when the injury occurred.  See Plaintiffs' Response at 1.  While the Johles concede that initially this was the position they took, they argue that, because OWCP found insufficient evidence of a work place injury, there is significant evidence that the injury did not occur at work in the scope of her duties.  See Plaintiffs' Response at 1-2.  The Johles raise three primary arguments: (i) the only grounds that the United States has presented for dismissal of V. Johle's claim is FECA exclusivity provision, which is insufficient; (ii) the United States has already weighed the evidence regarding FECA claim, finding it insufficient and opening the door to a FTCA claim; and (iii) the United States has cited no authority supporting its motion to dismiss.

First, the Johles argue that the denial of a FECA claim because of insufficient evidence eliminates a FECA cause of action, which in turn renders the exclusivity provision inapplicable.  See Plaintiffs' Response at 2.  After a lengthy recap of the facts of the case, the Johles make an equitable argument contending that, because of inconsistencies in V. Johle's medical record, through no fault of her own, and because of the subsequent denial of her FECA claim, she should be allowed to bring a FTCA claim to recover damages.  Plaintiffs' Response at 3-7.

Next, the Johles argue that the Labor Department and the United States weighed the evidence and found it insufficient to support a FECA claim, so they should be "bound by that

- 18 -

decision." Plaintiffs' Response at 8. The Johles again make an equitable argument, contending that V. Johle attempted to present all the necessary paperwork, but through no fault of her own, did not meet the standards required. See Plaintiffs' Response at 8-9. The Johles argue that V. Johle was not responsible for the inconsistent comments by the doctors, nor could she control how different doctors diagnosed her injury. Plaintiffs' Response at 8-9. The Johles argue that, because V. Johle did what she could, to deny her claim and not give her another path to recovery would be unjust. See Plaintiffs' Response at 8-9.

Last, the Johles argue that the sources the United States relies upon for its argument are misleading and incorrect. See Plaintiffs' Response at 9. First, the Johles challenge the United States' reliance on Avasthi v. United States, 608 F.2d 1059, 1060-61 (5th Cir. 1979), and Noble v. United States. See Plaintiffs' Response at 9. The Johles distinguish both cases, arguing that, in Avasthi v. United States, the plaintiff completely circumvented FECA process and that, in Noble v. United States, the plaintiff sought additional benefits on top of the benefits FECA gave. See Plaintiffs' Response at 9. The Johles argue that they have not circumvented FECA nor attempted to recover more than what is allowable; their goal is to use the FTCA to recover damages because, despite their efforts, FECA is not available to them. See Plaintiffs' Response at 9. The Johles contend that Noble v. United States, 216 F.3d at 1235, stands for the proposition that "a FTCA claim is allowed when there has been a determination that FECA does not cover the alleged injury." Plaintiffs' Response at 9. The Johles also challenge the United States' reliance on Lockheed Aircraft Corp. v. United States and Lorenzetti v. United States. See Plaintiffs' Response at 10. The Johles argue that both cases are off point and discuss issues not relevant to the case. Plaintiffs' Response at 10. The Johles argue Lockheed Aircraft Corp. v. United States focuses on the exclusivity provision, which they contend is not at issue because

their FECA claim has already been denied.  <u>See</u> Plaintiffs' Response at 10.  Similarly, the Johles contend that <u>Lorenzetti v. United States</u>, 467 U.S. at 173-174, stands for the proposition that the United States is to be reimbursed for medical payments when a federal employee successfully recovers damages from a third-party tortfeasor, which is not at issue here.  <u>See</u> Plaintiffs' Response at 10.  The Johles conclude by stating that the United States has cited no authority which bars V. Johle from pursuing a FTCA claim.  <u>See</u> Plaintiffs' Response at 10.

7.     **The Hearing.**

The Court held a hearing on March 19, 2014.  <u>See</u> Tr. at 1:1-19 (Court, Shapiro, Ortega). The Johles stood by their briefing and primarily reinforced their position that FECA's exclusivity provision does not apply, arguing that there are two possible interpretations of the OWCP's decision.  <u>See</u> Tr. at 13:12-25. (Shapiro).  According to the Johles, the first possible interpretation is that the OWCP already decided V. Johle's claim on the merits and determined that her injury was not worthy of compensation, in which case she has no remedy under the FTCA.  <u>See</u> Tr. at 13:12-25 (Shapiro).  The second possible interpretation, according to the Johles, is that the OWCP found that V. Johle's injury was not an injury that FECA covers, in which case the FTCA becomes available.  <u>See</u> Tr. at 13:12-25 (Shapiro).  The Johles argued the latter; and contended that the OWCP found no injury, meaning that there was no injury under FECA, so the FTCA needs to compensate for the damages sustained.  <u>See</u> Tr. at 14:3-9 (Shapiro).

The Court questioned the Johles' analysis and pointed to FECA's exclusivity provision as the test that determines whether a claim is brought under FECA or the FTCA.  <u>See</u> Tr. at 16:18-24 (Court).  The Johles responded by arguing that the OWCP requires five elements be met to

receive compensation under FECA, and these, not the exclusivity provision, are the determinative factor.  See Tr. at 17:1-7 (Shapiro).[13]

The United States stated that the United States' Attorney's Office FTCA policy is to ensure that "no substantial question" exists whether FECA applies to a claim.  Tr. at 29:1-25, 30:1 (Ortega, Court).  The United States asserted that the determination of whether a substantial question exists is done by a ruling from the Labor Department stating that FECA does not cover an alleged injury.  See Tr. at 29:1-30:1 (Ortega, Court).  The United States argued that the Labor Department has made no such ruling here.  See Tr. at 30:17-31:13 (Ortega).  The United States contends that the reason the Labor Department denied V. Johle's claim for FECA benefits was not based on the claim's merits but on procedural error, because she missed the appeals deadline and was unable to gather consistent information.  See Tr. at 31:7-32:15 (Ortega).  When the Court asked the United States what the issue for the Court to decide is, the United States responded that it needed to decide whether a "substantial question" exists if FECA applies.  See Tr. at 42:10-18 (Ortega, Court).  The Court then asked the Johles the same question, and they

---

[13]FECA's required elements are:

(1) Be Timely Filed.
(2) Be Made by a Federal Civil Employee.
(3) Establish Fact of Injury, which has both a factual and medical component. Factually, the injury, accident or employment factor alleged must have actually occurred.  Medically, a medical condition must be diagnosed in connection with the injury or event.
(4) Establish Performance of Duty. The injury and/or medical condition must have arisen during the course of employment and within the scope of compensable work factors.
(5) Establish Causal Relationship, which means the medical evidence establishes that the diagnosed condition is causally related to the injury or event.

Notice of Decision at 2.

asserted that the Court needs to decide if OWCP made a ruling on the merits of the claim or on a procedural issue.  See Tr. at 52:13-25, 53:1-4.

## LAW REGARDING MOTIONS FOR SUMMARY JUDGMENT

Rule 56(a) of the Federal Rules of Civil Procedure states: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "The movant bears the initial burden of 'show[ing] that there is an absence of evidence to support the nonmoving party's case.'"  Herrera v. Santa Fe Pub. Sch., 956 F. Supp. 2d 1191, 1221 (D.N.M. 2013)(Browning, J.)(quoting Bacchus Indus., Inc. v. Arvin Indus., Inc., 939 F.2d 887, 891 (10th Cir. 1991)).  See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

> Before the court can rule on a party's motion for summary judgment, the moving party must satisfy its burden of production in one of two ways: by putting evidence into the record that affirmatively disproves an element of the nonmoving party's case, or by directing the court's attention to the fact that the non-moving party lacks evidence on an element of its claim, "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."  Celotex, 477 U.S. at 323-25.  On those issues for which it bears the burden of proof at trial, the nonmovant "must go beyond the pleadings and designate specific facts to make a showing sufficient to establish the existence of an element essential to his case in order to survive summary judgment."  Cardoso v. Calbone, 490 F.3d 1194, 1197 (10th Cir. 2007).

Plustwik v. Voss of Norway ASA, 2013 WL 1945082, at *1 (D. Utah May 9, 2013)(Sam, J.) (emphasis added).  "If the *moving* party will bear the burden of persuasion at trial, that party must support its motion with credible evidence -- using any of the materials specified in Rule 56(c) -- that would entitle it to a directed verdict if not controverted at trial."  Celotex Corp. v. Catrett, 477 U.S. at 331 (Brennan, J., dissenting)(emphasis in original).[14]  Once the movant

_____

[14]Although the Honorable William J. Brennan, Jr., Associate Justice of the Supreme Court of the United States of America, dissented in Celotex Corp. v. Catrett, this sentence is

meets this burden, rule 56 requires the nonmoving party to designate specific facts showing that there is a genuine issue for trial.  See Celotex Corp. v. Catrett, 477 U.S. at 324; Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).

The party opposing a motion for summary judgment must "set forth specific facts showing that there is a genuine issue for trial as to those dispositive matters for which it carries the burden of proof."  Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir. 1990).  See Vitkus v. Beatrice Co., 11 F.3d 1535, 1539 (10th Cir. 1993) ("However, the nonmoving party may not rest on its pleadings but must set forth specific facts showing that there is a genuine issue for trial as to those dispositive matters for which it carries the burden of proof.")(internal quotation marks omitted).  Rule 56(c)(1) provides: "A party asserting that a fact . . . is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials."  Fed. R. Civ. P. 56(c)(1).  It is not enough for the party opposing a properly supported motion for summary judgment to "rest on mere allegations or denials of his pleadings."  Anderson v. Liberty Lobby, Inc., 477 U.S. at 256.  See Abercrombie v. City of Catoosa, 896 F.2d 1228, 1231 (10th Cir. 1990); Otteson v. United States, 622 F.2d 516, 519 (10th Cir. 1980)("[O]nce a properly supported summary judgment motion is made, the opposing party may not rest on the allegations contained in his

---

widely understood to be an accurate statement of the law.  See 10A Charles Allen Wright & Arthur R. Miller, Federal Practice and Procedure § 2727, at 470 (3d ed. 1998)("Although the Court issued a five-to-four decision, the majority and dissent both agreed as to how the summary-judgment burden of proof operates; they disagreed as to how the standard was applied to the facts of the case.").

complaint, but must respond with specific facts showing the existence of a genuine factual issue to be tried." (citation and internal quotation marks omitted)).

Nor can a party "avoid summary judgment by repeating conclusory opinions, allegations unsupported by specific facts, or speculation." Colony Nat'l Ins. Co. v. Omer, No. CIV 07-2123 JAR, 2008 WL 2309005, at *1 (D. Kan. June 2, 2008)(Robinson, J.)(citing Argo v. Blue Cross & Blue Shield of Kan., Inc., 452 F.3d 1193, 1199 (10th Cir. 2006); Fed. R. Civ. P. 56(e)).  "In responding to a motion for summary judgment, 'a party cannot rest on ignorance of facts, on speculation, or on suspicion and may not escape summary judgment in the mere hope that something will turn up at trial.'"  Colony Nat'l Ins. Co. v. Omer, 2008 WL 2309005, at *1 (quoting Conaway v. Smith, 853 F.2d 789, 794 (10th Cir. 1988)).

To deny a motion for summary judgment, genuine factual issues must exist that "can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Anderson v. Liberty Lobby, Inc., 477 U.S. at 250.  A mere "scintilla" of evidence will not avoid summary judgment.  Vitkus v. Beatrice Co., 11 F.3d at 1539 (citing Anderson v. Liberty Lobby, Inc., 477 U.S. at 248).  Rather, there must be sufficient evidence on which the fact finder could reasonably find for the nonmoving party.  See Anderson v. Liberty Lobby, Inc., 477 U.S. at 251 (quoting Schuylkill & Dauphin Improvement Co. v. Munson, 81 U.S. 442, 448 (1871)); Vitkus v. Beatrice Co., 11 F.3d at 1539.  "[T]here is no evidence for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.  If the evidence is merely colorable . . . or is not significantly probative, . . . summary judgment may be granted."  Anderson v. Liberty Lobby, Inc., 477 U.S. at 249 (citations omitted).  Where a rational trier of fact, considering the record as a whole, could not find for the nonmoving party,

there is no genuine issue for trial.  See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

When reviewing a motion for summary judgment, the court should keep in mind certain principles.  First, the court's role is not to weigh the evidence, but to assess the threshold issue whether a genuine issue exists as to material facts requiring a trial.  See Anderson v. Liberty Lobby, Inc., 477 U.S. at 249.  Second, the ultimate standard of proof is relevant for purposes of ruling on a summary judgment, such that, when ruling on a summary judgment motion, the court must "bear in mind the actual quantum and quality of proof necessary to support liability." Anderson v. Liberty Lobby, Inc., 477 U.S. at 254.  Third, the court must resolve all reasonable inferences and doubts in the nonmoving party's favor, and construe all evidence in the light most favorable to the nonmoving party.  See Hunt v. Cromartie, 526 U.S. 541, 550-55 (1999); Anderson v. Liberty Lobby, Inc., 477 U.S. at 255 ("The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor.").  Fourth, the court cannot decide any issues of credibility.  See Anderson v. Liberty Lobby, Inc., 477 U.S. at 255.

There are, however, limited circumstances in which the court may disregard a party's version of the facts.  This doctrine developed most robustly in the qualified immunity arena.  In Scott v. Harris, 550 U.S. 372 (2007), the Supreme Court concluded that summary judgment was appropriate where video evidence "quite clearly contradicted" the plaintiff's version of the facts. 550 U.S. at 378-81.  The Supreme Court explained:

> At the summary judgment stage, facts must be viewed in the light most favorable to the nonmoving party only if there is a "genuine" dispute as to those facts.  Fed. Rule Civ. Proc. 56(c).  As we have emphasized, "[w]hen the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'"  Matsushita Elec. Industrial Co. v. Zenith Radio Corp., 475 U.S. [at] 586-587 . . . (footnote

omitted).  "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." Anderson v. Liberty Lobby, Inc., 477 U.S. [at] 247-248 . . . .  When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment.

That was the case here with regard to the factual issue whether respondent was driving in such fashion as to endanger human life.  Respondent's version of events is so utterly discredited by the record that no reasonable jury could have believed him.  The Court of Appeals should not have relied on such visible fiction; it should have viewed the facts in the light depicted by the videotape.

Scott v. Harris, 550 U.S. at 380-81 (emphasis in original).

The Tenth Circuit applied this doctrine in Thomson v. Salt Lake County and explained:

[B]ecause at summary judgment we are beyond the pleading phase of the litigation, a plaintiff's version of the facts must find support in the record: more specifically, "[a]s with any motion for summary judgment, when opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts."  York v. City of Las Cruces, 523 F.3d 1205, 1210 (10th Cir. 2008) (quoting Scott, 550 U.S. at 380); see also Estate of Larsen ex rel. Sturdivan v. Murr, 511 F.3d 1255, 1258 (10th Cir. 2008).

Thomson v. Salt Lake Cty., 584 F.3d at 1312 (brackets omitted).  "The Tenth Circuit, in Rhoads

v. Miller, [352 F. App'x 289 (10th Cir. 2009)(Tymkovich, J.)(unpublished),[15]] explained that the

---

[15]Rhoads v. Miller is an unpublished opinion, but the Court can rely on an unpublished opinion to the extent its reasoned analysis is persuasive in the case before it.  See 10th Cir. R. 32.1(A) ("Unpublished opinions are not precedential, but may be cited for their persuasive value.").  The Tenth Circuit has stated:

In this circuit, unpublished orders are not binding precedent, . . . and we have generally determined that citation to unpublished opinions is not favored. However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005)(citations omitted).  The Court finds that Rhoads v. Miller, Lobozzo v. Colo. Dep't of Corr., 429 F. App'x 707 (10th Cir. 2011),

blatant contradictions of the record must be supported by more than other witnesses'
testimony[.]" Lymon v. Aramark Corp., 728 F. Supp. 2d 1222, 1249 (D.N.M. 2010)(Browning,
J.)(citation omitted), aff'd, 499 F. App'x 771 (10th Cir. 2012).

> In evaluating a motion for summary judgment based on qualified immunity, we
> take the facts "in the light most favorable to the party asserting the injury." Scott
> v. Harris, 550 U.S. 372, 377 (2007). "[T]his usually means adopting . . . the
> plaintiff's version of the facts," id. at 378, unless that version "is so utterly
> discredited by the record that no reasonable jury could have believed him," id. at
> 380. In Scott, the plaintiff's testimony was discredited by a videotape that
> completely contradicted his version of the events. 550 U.S. at 379. Here, there is
> no videotape or similar evidence in the record to blatantly contradict Mr. Rhoads'
> testimony. There is only other witnesses' testimony to oppose his version of the
> facts, and our judicial system leaves credibility determinations to the jury. And
> given the undisputed fact of injury, Mr. Rhoads' alcoholism and memory
> problems go to the weight of his testimony, not its admissibility . . . . Mr. Rhoads
> alleges that his injuries resulted from a beating rendered without resistance or
> provocation. If believed by the jury, the events he describes are sufficient to
> support a claim of violation of clearly established law under Graham v. Connor,
> 490 U.S. 386, 395-96 (1989), and this court's precedent.

Rhoads v. Miller, 352 F. App'x at 291-92 (internal quotation marks omitted). See Lymon v.
Aramark Corp., 728 F. Supp. 2d at 1249-50 (quoting Rhoads v. Miller, 352 F. App'x at 291-92).
In a concurring opinion in Thomson v. Salt Lake County, the Honorable Jerome A. Holmes,
United States Circuit Judge for the Tenth Circuit, stated that courts must focus first on the legal
question of qualified immunity and "determine whether plaintiff's factual allegations are
sufficiently grounded in the record such that they may permissibly comprise the universe of facts
that will serve as the foundation for answering the legal question before the court," before
inquiring into whether there are genuine issues of material fact for resolution by the jury. 584
F.3d at 1326-27 (Holmes, J., concurring)(citing Goddard v. Urrea, 847 F.2d 765, 770 (11th Cir.

---

United States v. Ceballos, 355 F. App'x 226 (10th Cir. 2009), and United States v. Aragones, 483
F. App'x 415 (10th Cir. 2012), have persuasive value with respect to material issues, and will
assist the Court in its preparation of this Memorandum Opinion and Order.

1988)(Johnson, J., dissenting))(observing that, even if factual disputes exist, "these disputes are irrelevant to the qualified immunity analysis because that analysis assumes the validity of the plaintiffs' facts").

## LAW REGARDING THE FEDERAL EMPLOYEES' COMPENSATION ACT

FECA is a workers' compensation plan for federal government employees.  20 C.F.R. § 10.0.  Pursuant to 5 U.S.C. § 8102, FECA provides that "[t]he United States shall pay compensation . . . for the disability . . . of an employee resulting from personal injury sustained while in the performance of his duty . . . ."  FECA's exclusivity provision, 5 U.S.C. § 8116(c), provides:

> The liability of the United States or an instrumentality thereof under this subchapter or any extension thereof with respect to the injury or death of an employee is exclusive and instead of all other liability of the United States or the instrumentality to the employee, his legal representative, spouse, dependents, next of kin, and any other person otherwise entitled to recover damages from the United States or the instrumentality because of the injury or death in a direct judicial proceeding, in a civil action, or in admiralty, or by an administrative or judicial proceeding under a workmen's compensation statute or under a Federal tort liability statute.  However, this subsection does not apply to a master or a member of a crew of a vessel.

5 U.S.C. § 8116(c).

"When application is made for FECA benefits, the determination of coverage is made by the Secretary of Labor or his designee and his finding is final and not subject to judicial review . . . .  Acceptance of benefits under FECA is an injured employee's exclusive remedy."  Swafford v. United States, 998 F.2d 837, 842 (10th Cir. 1993)(quoting Cobia v. United States, 384 F.2d 711, 712 (10th Cir. 1967).  See United States v. Martinez, 334 F.2d 728, 729 (10th Cir. 1964); Avasthi v. United States, 608 F.2d 1059 (5th Cir. 1979)("The remedy provided by FECA, like that of most comparable statutes, is exclusive of any other remedy including FTCA."); Jones v. Tennessee Valley Authority, 948 F.2d 258, 265 (6th Cir. 1991)("[O]nce an injury falls within the

coverage of FECA, its remedies are exclusive and no other claims can be entertained by the court."); Griffin v. United States, 703 F.2d 321, 322 (8th Cir. 1983)("Because [the] injury occurred in the performance of his duties as a federal employee, FECA is his exclusive remedy.").

The exclusive nature of FECA remedies is well established. The Supreme Court of the United States has stated that

> FECA's exclusive-liability provision was enacted in substantially its present form in 1949 . . . .  It was designed to protect the Government from suits under statutes, such as the Federal Tort Claims Act, that had been enacted to waive the Government's sovereign immunity.  In enacting this provision, Congress adopted the principal compromise -- the "quid pro quo" -- commonly found in workers' compensation legislation: employees are guaranteed the right to receive immediate, fixed benefits, regardless of fault and without need for litigation, but in return they lose the right to sue the Government.

Lockheed Aircraft Corp. v. United States, 460 U.S. 190, 193-94 (1983).

"FECA contains an 'unambiguous and comprehensive' provision barring any judicial review of the Secretary's determination of FECA coverage . . . .  Consequently, the courts have no jurisdiction over FTCA claims where the Secretary of Labor determines that FECA applies." Swafford v. United States, 998 F.2d at 842.  See Southwest Marine, Inc. v. Gizoni, 502 U.S. 81, 90 (1991).  FECA vests the Secretary of Labor with power to resolve any disputes regarding the scope of FECA coverage.  See 5 U.S.C. § 8145; Swafford v. United States, 998 F.2d at 839-40. The Secretary must determine, as an initial matter, whether a claim falls within FECA's purview. See Tippetts v. United States, 308 F.3d 1091, 1094 (10th Cir. 2002); Farley v. United States, 162 F.3d 613, 615-16 (10th Cir. 1998).  FECA's "applicability turns on whether the injury was suffered in the performance of the employee's duty."  Tippetts v. United States, 308 F.3d at 1095.  Except for those exclusions noted in the statute, it does not matter "whether the injury

was caused by an intentional or negligent act." Tippetts v. United States, 308 F.3d at 1095 (citing Farley v. United States, 162 F.3d at 616 n. 3).

If a plaintiff brings a FTCA action in federal court and a substantial question regarding FECA coverage exists, "the court must stay its proceedings pending a final decision of the Secretary of Labor regarding FECA coverage." Farley v. United States, 162 F.3d at 615-16 (quoting Tarver v. United States, 25 F.3d 900, 902-903 (10th Cir. 1994)). See Hudiburgh v. United States, 626 F.2d 813, 814 (10th Cir. 1980). A substantial question regarding FECA coverage exists unless it is certain the Secretary would not find coverage. See Farley v. United States, 162 F.3d at 615-16; White v. United States, 143 F.3d 232, 234 (5th Cir. 1998)("[T]o avoid sending the case to the Secretary of Labor, we must essentially decide as a matter of law that . . . the Secretary could not find FECA coverage."). When a claim is presented to the court without having first been submitted to the Secretary for a ruling on FECA coverage, the court must permit the Secretary to evaluate the claim if there is a substantial question that FECA coverage exists. See Farley v. United States, 162 F.3d at 616.

The FTCA, 28 U.S.C. §§ 1346(b), 2671-2680, provides that a suit against the United States shall be the exclusive remedy for persons with claims for damages resulting from federal employees' negligent or wrongful acts or omissions taken within the scope of their office or employment. See 28 U.S.C. § 2679(b)(1). The FTCA waives sovereign immunity to allow suits against the United States for damages arising from federal employees' tortious acts. 28 U.S.C. § 1346(b). FECA, however, addresses federal employees' work-related injuries. Specifically, it covers claims "for the disability or death of an employee resulting from personal injury sustained while in the performance of his duty." 5 U.S.C. § 8102(a). An injury occurs "in the performance of duty" if it arises out of and in the course of employment. Farley v. United States,

162 F.3d at 615-16 (citing <u>Tarver v. United States</u>, 25 F.3d at 902).  If FECA applies to a particular injury, a tort action against the United States regarding those same injuries is preempted and, accordingly, the courts lack jurisdiction to hear the case.  <u>See Farley v. United States</u>, 162 F.3d at 615-16, <u>Southwest Marine, Inc. v. Gizoni</u>, 502 U.S. at 90 ("[T]he courts have no jurisdiction over FTCA claims where . . . FECA applies."); <u>Swafford v. United States</u>, 998 F.2d at 839-40.  Thus, the district court has no jurisdiction over a FTCA action if FECA covers the injuries.  If FECA applies, the court must dismiss the FTCA claim, even if the Secretary does not award benefits.  <u>See Tippetts v. United States</u>, 308 F.3d at 1094 (citing <u>Farley v. United States</u>, 162 F.3d at 616).

FECA precludes loss of consortium claims.  <u>See Swafford v. United States</u>, 998 F.2d at 842.  Section 8116(c) of Title 5 of the United States Code provides that the United States' liability under FECA "is exclusive and instead of all other liability of the United States . . . to the employee, his legal representative, spouse, dependents, next of kin, and any other person . . . ." <u>Swafford v. United States</u>, 998 F.2d at 842.  Thus, FECA compensation to a federal employee precludes a FTCA action by a relative for "loss of . . . consortium, services, companionship and society." <u>Swafford v. United States</u>, 998 F.2d at 842 (quoting <u>Underwood v. United States</u>, 207 F.2d 862, 863 (10th Cir. 1953)).  <u>See Lockheed Aircraft Corp. v. United States</u>, 460 U.S. at 195-96 ("Section 8116(c) was intended to govern . . . the rights of employees, their relatives, and people claiming through or on behalf of them").

## <u>ANALYSIS</u>

The Court denies the Johles' Amended MSJ.  The Court concludes that no substantial question exists whether FECA applies.  V. Johle may not bypass FECA by providing insufficient evidence to substantiate a FECA claim. The Court concludes that, because the Secretary of Labor

denied V. Johle's claim after it was fully considered, no further recourse is available and the claim has run its course. The Court holds that, because V. Johle's injury occurred at work, V. Johle's exclusive remedy is through FECA, and she may not bring a FTCA claim.  To allow V. Johle to bring a FTCA claim would circumvent the purpose of both, FECA and the FTCA.

The Court grants the United States' MTD.  The Court concludes that V. Johle has exhausted her FECA claim, and the Secretary of Labor found it to be inadequate to warrant compensation.  The Court, therefore, holds that FECA was V. Johle's exclusive remedy for her injury, and she is not able to bring a FTCA claim.

I.    **THE JOHLES' MSJ FAILS, BECAUSE NO SUBSTANTIAL QUESTION EXISTS WHETHER THE SECRETARY OF LABOR WOULD FIND FECA COVERAGE FOR V. JOHLE.**

The Johles' MSJ fails, because the Court concludes no substantial question exists whether the Secretary of Labor would find that FECA applies to V. Johle.  Where a question of FECA coverage exists, courts stay further proceedings until the Secretary of Labor determines whether the claimed injuries are covered by FECA.  See Farley v. United States, 162 F.3d at 616. In this case, however, V. Johle has exhausted the administrative proceedings available to her to obtain FECA compensation.  See Order Dismissing Appeal at 1.  V. Johle's claim was denied because of her failure to submit the necessary evidence, and although the Secretary of Labor never ruled whether FECA covered V. Johle's injuries, the Secretary of Labor came to a final decision.  See Order Dismissing Appeal at 1.  A substantial question regarding FECA coverage exists, unless it is certain the Secretary would not find coverage.  Farley v. United States, 162 F.3d at 615-16.  Here, the Johles exhausted  FECA process, and the process resulted in the Labor Department issuing a final denial of coverage that indicated that the Secretary of Labor would not find coverage.  See Order Dismissing Appeal at 1.  The Johles attempt to argue that a denial

of coverage is not the same as "certain the Secretary would not find coverage." See Plaintiff's Reply ¶ 4, at 6. The Court does not agree with this argument.

The Johles' case is analogous to Gagliardi v. United States, No. 89-8859, 1991 U.S. Dist. LEXIS 947 (E.D. Pa. Jan. 28, 1991)(VanArtsdalen, J). In Gagliardi v. United States, a federal employee was injured on the job after an altercation with a Department of Defense police officer. See 1991 U.S. Dist. LEXIS 947, at *4. The facts of the altercation were disputed, but it was undisputed that the employee sustained multiple injuries. See 1991 U.S. Dist. LEXIS 947, at *4. The employee subsequently filed a FECA claim which was denied after the employee did not provide "factual evidence to substantiate his claim." 1991 U.S. Dist. LEXIS 947, at *5. The court held that a substantial question did not exist when a federal employee failed to "submit the necessary factual evidence in support of the claim." Gagliardi v. United States, 1991 U.S. Dist. LEXIS 947, at *11. The court did not allow the employee to bring a FTCA claim and concluded that the employee's

> proceedings before the Department of Labor have already been terminated. His claim was denied for failure to submit the necessary evidence, and the Secretary of Labor has never ruled on whether Gagliardi's injuries are covered by FECA. The government argues that to allow him to proceed on his FTCA claims now would effectively permit him to circumvent the exclusivity provisions of FECA. I agree. Gagliardi should not be permitted to effectively contravene the statutory scheme and elect his remedy by filing a FECA claim, forcing the Department of Labor to deny it by failing to submit any evidence, and then bringing an action under the FTCA. The fact that plaintiff might be able to recover more under the FTCA than under FECA does not alter this conclusion.

1991 U.S. Dist. LEXIS 947, at *11.

The substantial question analysis is typically applicable when a plaintiff initially foregoes filing a FECA claim. See Tippetts v. United States, 308 F.3d at 1096. V. Johle did not forego filing a FECA claim; she saw FECA process through to the end, where the Secretary of Labor found insufficient evidence to warrant compensation. See Order Dismissing Appeal at 1. The

facts of the Johles' claim are contrary to Tippetts v. United States, where the plaintiff's claim of intentional infliction of emotional distress presented a substantial question of FECA coverage. See Tippetts v. United States 308 F.3d at 1096.  In Tippetts v. Unites States, a federal employee filed a FTCA claim alleging to have suffered invasion of privacy and emotional distress following the leak of his military service records.  See 308 F.3d at 1096.  After concluding that the Secretary of Labor had made no determination regarding FECA, the court correctly remanded the issue to the Labor Department for a determination whether FECA would cover the injury.  See 308 F.3d at 1096.  The court also stated that, even if the Secretary of Labor found that the statute of limitations had run, and no FECA compensation could be awarded, the finding that FECA applies would prohibit a FTCA claim.  See 308 F.3d at 1096.  Unlike in Tippetts v. United States, V. Johle submitted her claim to the Labor Department and aggressively advocated that she sustained a work related injury, but she did not provide sufficient information to warrant compensation, resulting in denial of her claim.  See Plaintiffs' Reply at 5.

The Labor Department denied V. Johle's claim in language that did not explicitly rule out FECA coverage.  See Notice of Decision at 2.  When the Labor Department has ruled on a FECA claim and that ruling is ambiguous, a substantial question may exist.  See Tarver v. United States, 25 F.3d at 904.  A substantial question does not exist, however, if the Labor Department adopted jurisdiction and denied the claim on other grounds.  See Tarver v. United States, 25 F.3d at 904.  The plaintiff in Tarver v. United States sought to bring a FTCA action following the denial of FECA compensation for the suicide of her husband.  See 25 F.3d at 902.  In Tarver v. United States, the plaintiff's claim was remanded for further consideration by Labor Department, because it was unclear if the injury arose "from the decedent's performance of duties."  See 25 F.3d at 904.  The plaintiff in Tarver v. United States was complicit in providing the Labor

Department with the information needed to make an accurate ruling.  See 25 F.3d at 904. The court in Tarver v. United States concluded that it was the Labor Department that was in error; the language used to deny the plaintiff's claim was ambiguous and could be interpreted both as accepting jurisdiction but denying the claim, and as denying jurisdiction and opening the door for a FTCA action.  See Tarver v. United States, 25 F.3d at 904.  This situation stands in stark contrast to this case.   Here, the Labor Department asked V. Johle to provide consistent information to assist the Labor Department in determining whether FECA coverage existed.  See Notice of Decision at 1.  V. Johle did not cooperate with the Labor Department's efforts to award compensation.  See Plaintiffs' Reply ¶ 5, at 6.  The instructions that the Labor Department provided to V. Johle were simple, and V. Johle was represented by counsel following the OWCP's initial denial by OWCP and before the final appeal.  See Plaintiffs' Reply ¶ 2, at 6. Consistent with the court's reasoning in Gagliardi v. United States, a substantial question does not exist when it is of the plaintiffs' own making, and the plaintiff must "submit the necessary factual evidence in support of the claim."  Gagliardi v. United States, 1991 U.S. Dist. LEXIS 947, at *11.

The Labor Department established a process that evaluates FECA claims, and separates the meritorious claims from those FECA will not compensate.  See Notice of Decision at 1. When a federal employee is injured in the scope of his or her employment, the OWCP reviews the claim for the necessary elements to receive compensation.  See Notice of Decision at 1.  It is not the Court's prerogative to analyze the elements that the OWCP uses to award FECA compensation.   See Swafford v. United States, 998 F.2d at 842.  The Court's role is to decide whether a substantial question exists regarding FECA's applicability, and a substantial question regarding FECA coverage exists unless it is certain the Labor Department would not find

coverage.  See Farley v. United States, 162 F.3d at 615-16; White v. United States, 143 F.3d 232, 234 (5th Cir. 1998)("[T]o avoid sending the case to the Secretary of Labor, we must essentially decide as a matter of law that . . . the Secretary could not find FECA coverage.").  Here, V. Johle's claim has been extensively analyzed through the process the Labor Department established to analyze FECA claims.  See Order Dismissing Appeal at 1.  The Labor Department does not reject V. Johle's claim because the Labor Department lacks jurisdiction, but because the claim is inadequate to sufficiently state a claim for compensation.  See Notice of Decision at 1. As a result, the Labor Department denied V. Johle's claim.  See Order Dismissing Appeal at 1. The Labor Department decided that FECA does not cover V. Johle's injury, not because the type of injury is not covered by FECA, but because of V. Johle's procedural failure to sufficiently state her claim.  See Order Dismissing Appeal at 1.  Like the plaintiff in Gagliardi v. United States, simply failing to provide sufficient information does not allow a plaintiff to circumvent FECA process.  See 1991 U.S. Dist. LEXIS 947, at *11.  The Court will not set the precedent that, to circumvent FECA, all a plaintiff must do is fail to provide the requested information. To hold that a substantial question exists regarding FECA coverage, despite repeated attempts by the Labor Department to clarify the issue, would be inconsistent with FECA's exclusivity provision's plain language and bad policy.  V. Johle's FECA claim has already been terminated. See Order Dismissing Appeal at 1.  It is certain that the Secretary will not find FECA coverage, and no substantial question remains as to FECA's applicability.

## II.   THE JOHLES' MSJ FAILS, BECAUSE FECA'S EXCLUSIVITY PROVISION BARS V. JOHLE FROM BRINGING A FTCA CLAIM.

The Johles cannot bring a FTCA claim, because  FECA is their exclusive remedy.  FECA addresses work-related injuries of federal employees.  See 20 C.F.R. § 10.0.  Specifically, FECA covers claims "for the disability or death of an employee resulting from personal injury sustained

while in the performance of his duty."   5 U.S.C. § 8102(a).   An injury occurs "in the performance of duty" if it arises out of and in the course of employment.   Farley v. United States, 162 F.3d at 615-16 (citing Tarver v. United States, 25 F.3d at 902).   If FECA applies, the FTCA claim must be dismissed even if the Secretary of Labor does not actually award benefits.   See Tippetts v. United States, 308 F.3d at 1094 (citing Farley v. United States, 162 F.3d at 616).   The Johles filed a FECA claim and aggressively argued that V. Johle's injury occurred in the performance of her duties.   See Plaintiffs' Reply at 2 (V. Johle "did all she could practically do to present evidence to OWCP that she had a work-related injury, including unequivocally stating so.").   Her FECA claim was denied, not because FECA does not cover the injury, but because there was insufficient evidence to prove that the injury occurred as stated.   See Plaintiff's Reply ¶ 4, at 6 ("OWCP decided that Victoria's evidence was insufficient to establish a FECA claim, in light of the other conflicting evidence: 'Specifically your case is denied because the evidence is not sufficient to establish that the event(s) occurred as you described.'")(quoting Notice of decision at 2)).   A federal employee who does not have a cognizable injury under FECA does not have a pass to then file a FECA claim.   See Farley v. United States, 162 F.3d at 616.   The United States argues that to allow V. Johle to proceed on her FTCA claims now would effectively permit her to circumvent the exclusivity provisions of FECA.   See Defendant's MTD at 6.   The Court agrees.

The Court has concluded that no substantial question exists whether FECA applies to V. Johle; FECA applies.   The Court, therefore, lacks jurisdiction to hear the FTCA action, and it must be dismissed, regardless whether FECA benefits are awarded.   See Farley v. United States, 162 F.3d at 616.   To permit V. Johle to effectively contravene the statutory scheme and elect her

remedy by filing a FECA claim, forcing the Secretary of Labor to deny it by failing to submit sufficient evidence, and then bring an action under the FTCA frustrates FECA's purpose.

V. Johle exhausted her administrative remedies, and under FECA's exclusivity provision, FECA's administrative remedies were all that was available to her. This result may be harsh for someone who lost a foot, see Complaint ¶ 13, at 4, but circumventing FECA by providing little or no information, and forcing the Secretary of Labor to deny her claim would undermine FECA's and the FTCA's purposes.  It is unfortunate that so much ambiguity surrounds V. Johle's medical record.  It is unclear what injury she suffered, but what is clear, and what V. Johle herself contends, is that the injury occurred at work.  See Tr. at 3:9-20 (Shapiro)("[S]he said she had a work related injury and was unequivocal about that.  And I don't think you could be any clearer.").  V. Johle stated that, while sitting in a rolling chair at work and pushing off with her left foot she heard a popping noise accompanied with pain.  See Complaint ¶ 6, at 2. There is little else to consider: V. Johle's injury occurred at work, and therefore, because the Court concluded FECA applies, her exclusive remedy is FECA.

FECA's applicability to V. Johle also excludes M. Johle from bringing a FTCA action. FECA "is exclusive and instead of all other liability of the United States . . . to the employee, his legal representative, spouse, dependents, next of kin, and any other person . . . ." Swafford v. United States, 998 F.2d at 842.  It is undisputed that FECA compensation to a federal employee precludes a FTCA action by a relative for loss of consortium.  Swafford v. United States, 998 F.2d at 842 (precluding plaintiff's husband from recovering loss of consortium compensation after she had received FECA compensation).   The Court has concluded that V. Johle's exclusive remedy is through FECA, regardless of whether she received compensation.  This extends to her

daughter M. Johle.  M. Johle may not bring a FTCA action if her mother is ineligible to bring a FTCA action.

The Court, therefore, concludes that FECA applies to V. Johle's FECA claim and that no substantial question remains. V. Johle exhausted FECA administrative process, and the Secretary of Labor found her claim to be ineligible for coverage because of inconsistencies in her claim, not because the Labor Department lacked jurisdiction.  The Court concludes that FECA's exclusivity provision prohibits the Johles from bringing a FTCA action because FECA was the exclusive remedy under law for V. Johle.  The Court denies the Johle's MSJ and Amended MSJ. The Court grants the Defendant's MTD.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Charles R. Finley
Warner & Finley
Albuquerque, New Mexico

-- and --

Daniel Shapiro
Dan Shapiro PC
Albuquerque, New Mexico

    *Attorneys for the Plaintiffs*

Damon P. Martinez
  United States Attorney
Roberto D. Ortega
  Assistant United States Attorney
United States Attorney's Office
Albuquerque, New Mexico

    *Attorneys for the Defendant*